## In re GOLDEN PEANUT COMPANY, LLC.

No. 09–0122.

Supreme Court of Texas.

Nov. 20, 2009.

Kent Donavan Williamson, Mark Trammell Craig, The Silvera Firm, William Richard Thompson, II, Deborah G. Hankinson, Hankinson Levinger LLP, Dallas, for Relator.

Fred Bowers, Bowers Law Office, Lubbock, Russell Wayne Casselberry, Fulbright & Casselberry, Lamesa, for Real party in interest.

PER CURIAM.

The decedent in this wrongful death suit was a party to an employee benefit plan that contained an agreement to arbitrate any personal injury or wrongful death claims against his employer, a nonsubscriber to workers' compensation insurance. The trial court denied the employer's motion to compel arbitration of the family members' claims, and the court of appeals denied mandamus relief, concluding that the wrongful death beneficiaries did not sign the arbitration agreement and were not bound by it. 269 S.W.3d 302. Given our subsequent holding in *In re Labatt Food Service, L.P.*, 279 S.W.3d 640 (Tex. 2009), however, the wrongful death beneficiaries, as derivative claimants, are bound by the decedent's agreement to arbitrate. Moreover, Texas Labor Code section 406.033(e), which prohibits pre-injury waivers of personal injury or death claims, does not invalidate the decedent's arbitration agreement. Accordingly, we conditionally grant the petition for writ of mandamus.

Grant Drennan was killed while in the course and scope of his employment with Golden Peanut Company, LLC. Golden Peanut did not subscribe to worker's compensation insurance, but instead provided employees with an Employee Injury Benefit Plan under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461. Attached to the benefit plan was a Mutual Agreement to Arbitrate which provided that any and all claims or controversies concerning or relating to Drennan's employment, including personal injury and wrongful death claims, must be submitted to binding arbitration pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16.

Following Drennan's death, his estate applied for and received plan benefits. Thereafter, Drennan's widow, Mindi Drennan, filed suit against Golden Peanut under the survival and wrongful death statutes on behalf of herself, their children, and Drennan's estate, and later Drennan's parents were added as plaintiffs (collectively, "the Drennans"). Golden Peanut filed a motion to abate the suit and compel arbitration pursuant to the Mutual Agreement to Arbitrate. The Drennans then amended their petition and dropped Drennan's estate as a party, leaving only the statutory wrongful death claims. The trial court denied Golden Peanut's motion to compel arbitration.

Golden Peanut petitioned the court of appeals for mandamus relief. The court held that the Mutual Agreement to Arbitrate was valid, was supported by consideration, and did not violate Texas Labor Code section 406.033(e), which prohibits pre-injury waivers of personal injury or wrongful death claims. 269 S.W.3d 302, 307–09. However, without the benefit of our holding in *In re Labatt Food Service,*

*L.P.*, the court of appeals held that the trial court did not abuse its discretion in refusing to compel arbitration because the Drennans, as nonsignatories, were not bound by the agreement to arbitrate. *Id.* In *Labatt*, we held that a decedent's pre-death arbitration agreement binds his or her wrongful death beneficiaries because, under Texas law, the wrongful death cause of action is entirely derivative of the decedent's rights. *Id.* at 646.

■ The Drennans contend the arbitration agreement is nevertheless unenforceable because it violates section 406.033(e) of the Texas Labor Code, which provides

[a] cause of action [against a nonsubscriber] may not be waived by an employee before the employee's injury or death. Any agreement by an employee to waive a cause of action or any right described in Subsection (a) before the employee's injury or death is void and unenforceable.

TEX. LAB.CODE § 406.033(e). Subsection (a), in turn, limits the common law defenses available to an employer who does not carry workers' compensation insurance. *Id.* § 406.033(a). However, an agreement to arbitrate is a waiver of neither a cause of action nor the rights provided under section 406.033(a), but rather an agreement that those claims should be tried in a specific forum. *See, e.g., Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 519, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974) (holding that arbitration clauses are, "in effect, a specialized kind of forum-selection clause"). *See also Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 628, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985) (stating that, "[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum"). Accordingly, section 406.033(e) does not render the arbitration agreement void.

■ A party denied the right to arbitrate pursuant to an agreement subject to the FAA does not have an adequate remedy by appeal and is entitled to mandamus relief to correct a clear abuse of discretion. *In re L & L Kempwood Assocs., L.P.*, 9 S.W.3d 125, 128 (Tex.1999). In this case, the arbitration agreement Drennan executed provides that any personal injury or wrongful death claim filed by Drennan or his spouse, children, parents, or estate must be arbitrated. If Drennan had sued for his own injuries immediately before his death, he would have been bound to submit his claims to arbitration. As derivative claimants under the wrongful death statute his beneficiaries are bound as well, *In re Labatt*, 279 S.W.3d at 646, and the trial court clearly abused its discretion by refusing to compel arbitration.

Accordingly, without hearing oral argument, *see* TEX.R.APP. P. 52.8(c), we conditionally grant Golden Peanut's petition for writ of mandamus and direct the trial court to enter an order compelling arbitration of the Drennans' wrongful death claims. The writ will issue only if it fails to do so.