

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00239-CV

James Thomas **GREEN**,
Appellant

v.

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE**, J. Doe(s), Evelyn Castro, Maria
Ramirez, Elida DeLaRosa, Eric Fletcher,
Appellee

From the 81st Judicial District Court, La Salle County, Texas
Trial Court No. 2020-08-00149-CVL
Honorable Lynn Ellison, Judge Presiding

PER CURIAM

Sitting:      Beth Watkins, Justice
              Liza A. Rodriguez, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: September 1, 2021

MOTION TO DISMISS GRANTED; DISMISSED FOR WANT OF JURISDICTION

Appellant seeks to appeal an April 4, 2021 trial court order that grants appellees' motions

to dismiss certain of appellant's claims on sovereign immunity grounds. On July 21, 2021,

appellees filed a motion to dismiss this appeal, arguing, inter alia, that appellant did not timely file

his notice of appeal. After consideration, we grant appellees' motion and dismiss this appeal for

want of jurisdiction.[1]

---

[1] Because we are dismissing this appeal as untimely under rules applicable to interlocutory appeals, rather than on the merits of appellant's claims, we note that our opinion and order here do not prevent appellant from challenging the

The trial court's April 4, 2021 order specifically dismisses "[a]ll tort allegations" asserted by appellant and does not appear to dispose of claims appellant asserted under the United States and Texas constitutions pursuant to 42 U.S.C. § 1983. Because the April 4, 2021 order does not dispose of all claims in dispute between the parties, it appears to be an interlocutory, or non-final, order. *See In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 831 (Tex. 2005) (orig. proceeding). Because an appeal of an interlocutory order is an accelerated appeal, appellant's notice of appeal was due by April 26, 2021, twenty days after the trial court signed the order. *See* TEX. R. APP. P. 26.1(b); TEX. R. APP. P. 28.1(a). A motion for extension of time to file the notice of appeal was due by May 11, 2021. *See* TEX. R. APP. P. 26.3.

The record does not indicate precisely when appellant, who is an inmate acting pro se, delivered his notice of appeal to prison authorities. *See Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004) (pro se inmate's filing "is deemed filed at the time the prison authorities duly receive the document to be mailed"). However, the record indicates appellant signed his notice of appeal on May 28, 2021, after his deadline to file a motion for extension of time had expired. "[O]nce the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26). Because the notice of appeal appears to have been untimely filed, we ordered appellant to show cause in writing why this appeal should not be dismissed for want of jurisdiction. *See id*. We advised appellant that if he failed to satisfactorily respond, this appeal would be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3.

---

trial court's April 4, 2021 order in an appeal after final judgment. *See Hernandez v. Ebrom*, 289 S.W.3d 316, 318 (holding a party's failure to pursue an interlocutory appeal under Texas Civil Practice and Remedies Code section 51.014(a) did not waive his right to challenge the order at issue after final judgment).

Appellant filed a written response to our order stating, inter alia, that he did not receive notice of the trial court's April 4, 2021 order until May 27, 2021 and that he filed his notice of appeal four days later. He argued that we should conclude his notice of appeal was timely pursuant to Texas Rule of Civil Procedure 306a. *See* TEX. R. CIV. P. 306a (establishing procedures to extend post-judgment and appellate deadlines where appellant first received notice of judgment more than 20 days but less than 90 days after signing of the judgment); *Pilot Travel Ctrs., LLC v. McCray*, 416 S.W.3d 168, 176 (Tex. App.—Dallas 2013, no pet.) ("If applicable, rule of civil procedure 306a may operate to extend the deadline for filing a notice of appeal of an interlocutory order.").

Rule 306a provides that "the party adversely affected is required to prove *in the trial court*, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." TEX. R. CIV. P. 306a(5) (emphasis added); *see Mem'l Hosp. of Galveston Cty. v. Gillis*, 741 S.W.2d 364, 366 (Tex. 1987) ("Rule 306a plainly requires [that the motion and evidentiary showing under that rule] be made in the trial court, not the court of appeals."). Here, neither appellant's response nor the record shows that appellant filed any motion in the trial court either explicitly invoking Rule 306a or otherwise seeking to demonstrate the date he received notice of the April 4, 2021 order at issue in this appeal. *See Yocham v. Farmers Tex. Cty. Mut. Co.*, No. 03-14-00572-CV, 2015 WL 658144, at *2 (Tex. App.—Austin Feb. 12, 2015, no pet.) (mem. op.). (dismissing appeal for want of jurisdiction because appellant first asserted Rule 306a in the court of appeals and "[appellant] does not contend, nor does the record suggest, that a sworn motion under Rule 306a was ever filed in the trial court"); *Brown Mech. Servs., Inc. v. Mountbatten Sur. Co., Inc.*, 377 S.W.3d 40, 43–44 (Tex. App.— Houston [1st Dist.] 2012, no pet.) (same).

We conclude appellant has not met his burden to show Rule 306a extends his notice of appeal deadline under these circumstances. *See* TEX. R. CIV. P. 306a(5); *Yocham*, 2015 WL 658144, at \*2. Accordingly, we hold we lack jurisdiction over this appeal because appellant's notice of appeal was not timely filed. We therefore grant appellees' motion to dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). We deny as moot appellant's pending motion for extension of time to file his brief.

PER CURIAM