**AFFIRM; and Opinion Filed May 16, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00397-CV

### BARBARA SIPRIANO, Appellant
### V.
### REGIONAL FINANCE CORPORATION OF TEXAS AND ABEL GARCIA, Appellees

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-02841-D**

## MEMORANDUM OPINION

Before Justices Fillmore, Stoddart, and Schenck
Opinion by Justice Fillmore

Barbara Sipriano sued Regional Finance Corporation of Texas (Regional) based on its conduct in attempting to collect a debt from her. Regional answered the lawsuit and subsequently filed counterclaims, seeking to recover the debt from Sipriano. Seven months after Sipriano filed suit, Regional filed an application to stay the litigation and to compel arbitration. The trial court granted the application, and the parties' claims were arbitrated. Based on the arbitrator's award, the trial court rendered a take-nothing judgment as to all claims. Sipriano appeals from that judgment, asserting Regional waived its right to arbitrate by substantially invoking the judicial process to her prejudice. We affirm the trial court's judgment.

### Background

To facilitate her purchase of a bed from Metroplex Furniture Show (Metroplex), Sipriano signed a Retail Installment Contract and Security Agreement (the Contract), pursuant to which

she agreed to pay the purchase price and related interest through twenty-four monthly payments. The Contract provided that, at the election of either of the parties,

> [A]ny claim or dispute in contract, tort, statute or otherwise between you and us or our employees, agents, successors or assigns that arises out of or relates to your credit application, this Contract or any resulting transaction or relationship including those with third parties who do not sign this Contract, is to be decided by neutral, binding arbitration.

The parties agreed the Federal Arbitration Act (the FAA) governed the arbitration agreement. Metroplex assigned the Contract to Regional.

Sipriano paid only three of the payments required by the Contract, and Regional began contacting Sipriano and her friends and family in an attempt to collect the balance that Sipriano owed. On May 15, 2013, Sipriano sued Regional, alleging its conduct in attempting to collect the debt violated chapter 329 of the finance code, constituted unreasonable debt collection practices, and invaded her privacy. Sipriano's original petition also contained a request for disclosures pursuant to rule of civil procedure 194.

Regional filed its answer on June 7, 2013. Regional asserted a number of affirmative defenses to Sipriano's claims, but did not assert it had a contractual right to arbitrate the dispute. On June 14, 2013, Sipriano served Regional with interrogatories, requests for production, and requests for admissions. On June 26, 2013, the trial court ordered the parties to mediate the dispute no later than October 30, 2013, and set the case for trial on November 8, 2013.

Regional objected and responded to Sipriano's written discovery on August 2, 2013, and designated an expert witness as to the reasonableness of attorney's fees on August 12, 2013. Regional served Sipriano with requests for disclosure on August 19, 2013 and with interrogatories, requests for admissions, and request for production on August 27, 2013.[1] On

---

[1] Only Regional's letter transmitting the August 27th discovery is in the record. We, therefore, cannot determine the extent or focus of these discovery requests. *See Garg v. Pham*, No. 14-14-00787-CV, 2015 WL 9598863, at *13 (Tex App.—Houston [14th Dist.] Dec. 31, 2015, no pet.) ("Knowing the content of discovery is important in determining prejudice because when only a minimal amount of discovery has been

August 27, 2013, the trial court reset the case for trial on November 21, 2013. Regional filed counterclaims based on breach of contract, quantum meruit, and suit on a sworn account on August 30, 2013, seeking to recover the balance owed under the Contract as well as attorneys' fees.

On September 3, 2013, the trial court reset the trial for January 15, 2014. Sipriano filed a motion to compel responses to its discovery on September 24, 2013, and Regional responded to the motion on September 30, 2013. The trial court heard Sipriano's motion to compel on October 7, 2013 and granted the motion in part. Regional filed a motion for summary judgment on its counterclaims for breach of contract and suit on a sworn account on October 7, 2013, and set the motion for summary judgment for hearing on November 11, 2013.

The parties participated in an unsuccessful mediation on October 8, 2013. Also in October 2013, Regional requested dates to take Sipriano's deposition, and Sipriano requested dates to take the deposition of Regional's corporate representative. On October 21, 2013, Regional sent a notice of its intent to take Sipriano's deposition on November 19, 2013, but later canceled the deposition.

Regional filed an amended motion for summary judgment on October 25, 2013, and set it for hearing on November 18, 2013. Regional attached summary judgment evidence that the unpaid balance on the Contract was $1,387.05 and Regional had incurred approximately $9,000 in attorneys' fees to prosecute its counterclaims against Sipriano. On October 30, 2013, Sipriano filed a motion to continue the hearing on the amended motion for summary judgment and to extend the deadline for her to designate an expert witness. Regional responded to Sipriano's motion on October 31, 2013, indicating it could not agree to continue the hearing on the

---

conducted, which may also be useful for the purpose of arbitration, we may not infer waiver based upon prejudice."); *IBS Asset Liquidations LLC. v. Servicios Multiples Del Norte S.A. De C.V.*, 419 S.W.3d 573, 575–76 (Tex. App.—San Antonio 2013, pet. denied) (concluding there was no showing of prejudice because court could not ascertain contents of discovery requests from "sparse record" and complaints about delay were too generalized).

amended motion for summary judgment due to the January 15, 2014 trial setting. On November 1, 2013, Sipriano filed an amended petition naming Abel Garcia, an employee of Regional, as a defendant and asserting additional claims against Regional based on negligent hiring, supervision, training, or retention of Garcia.

Sipriano's motion for continuance and to extend the deadline to designate an expert witness was set for hearing on November 4, 2013. Although the record does not contain any ruling by the trial court on Sipriano's motion, on November 4, 2013, the trial court reset the trial for May 14, 2014. On November 7, 2013, Regional set the hearing on its amended motion for summary judgment for February 24, 2014.

On November 13, 2013, Regional filed both an amended answer in which it asserted it had a contractual right to arbitration and an application to compel arbitration and stay the trial court proceedings. Sipriano took the deposition of Regional's corporate representative on November 20, 2013. Garcia filed his original answer on December 6, 2013, asserting a contractual right to arbitration and, on December 13, 2013, Sipriano nonsuited her claims against Garcia. On January 2, 2014, Sipriano responded to Regional's application to compel arbitration, attaching correspondence between the parties, portions of the contract and the parties' discovery requests and responses, and an affidavit from her counsel stating Sipriano paid $450 to participate in the mediation and had incurred attorneys' fees of $11,925 in prosecuting the case. Attached to the affidavit were Sipriano's counsel's billing statements.

The trial court heard Regional's application to compel arbitration on January 6, 2014. Sipriano relied on the attachments to her response, and neither Regional nor Sipriano offered any evidence at the hearing. The trial court granted Regional's application, stayed the litigation, and ordered the parties to arbitration. In the arbitration proceeding, Sipriano asserted claims against both Regional and Garcia and sought to recover mental anguish damages of $50,000, exemplary

–4–

damages of $150,000, attorney's fees of $25,200, court costs of $4,513.81, and contingent attorneys' fees for appeal. She also requested a permanent injunction preventing Regional and Garcia from attempting to collect debts until they implemented adequate debt collection policies, procedures, and training. The arbitration was held from September 3, 2014, through September 4, 2014. Prior to the arbitration hearing, Sipriano paid Regional the amount due under the Contract, and the arbitrator found that Regional's counterclaims for breach of contract and suit on a sworn account were moot. The arbitrator ordered that both Regional and Sipriano recover nothing on their claims.[2]

Sipriano filed a motion requesting the trial court lift the stay and reconsider the order granting Regional's application to compel arbitration. Regional filed a motion to confirm the arbitrator's award. The trial court granted Sipriano's motion to lift the stay, denied Sipriano's motion to reconsider, and granted Regional's motion to confirm the arbitrator's award. Based on the arbitrator's award, the trial court rendered judgment that Regional and Sipriano take nothing on their claims. Sipriano filed this appeal, asserting the trial court erred by granting Regional's application to compel arbitration.

**Analysis**

When the parties do not contest the relevant facts,[3] waiver of contractual arbitration rights is a question of law subject to de novo review. *Kennedy Hodges, L.L.P. v. Gobellan*, 433 S.W.3d 542, 545 (Tex. 2014) (per curiam). Whether a party has waived arbitration must be decided on a case-by-case basis, based upon an examination of the totality of the circumstances. *Perry Homes*

---

[2] The arbitrator found that Sipriano failed to carry her burden of proof on her claims and, noting the amount of attorneys' fees requested by Regional was contrary to its written policy of recovering attorneys' fees "up to 15 percent of the unpaid balance provided the account is assigned to an outside attorney," denied Regional's claim for attorneys' fees.

[3] Generally, a party seeking to compel arbitration under the FAA must establish (1) the existence of a valid arbitration agreement, and (2) that the claims at issue fall with that agreement's scope. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). The parties do not dispute the validity of the arbitration agreement, the applicability of the arbitration agreement, or the procedural history of this case in the trial court and the arbitration.

*v. Cull*, 258 S.W.3d 580, 591 (Tex. 2008). A party may waive contractual arbitration rights either expressly, through a clear repudiation of the right, or impliedly, through conduct inconsistent with a claim to the right. *G.T. Leach Builders, LLC v. Sapphire V.P., L.P.*, 458 S.W.3d 502, 511 (Tex. 2015). In this case, Sipriano asserts Regional impliedly waived its contractual right to arbitration.[4]

Any conduct that constitutes an implied waiver of the right to arbitrate must be "unequivocal." *Perry Homes*, 258 S.W.3d at 593. "A party asserting implied waiver as a defense to arbitration has the burden to prove that (1) the other party has 'substantially invoked the judicial process,' which is conduct inconsistent with a claimed right to compel arbitration, and (2) the inconsistent conduct has caused it to suffer detriment or prejudice." *G.T. Leach Builders, LLC*, 458 S.W.3d at 511–12 (quoting *Perry Homes*, 258 S.W.3d at 593–94); *see also Kennedy Hodges, L.L.P.*, 433 S.W.3d at 543. With regard to both prongs of the implied-waiver defense, "this hurdle is a high one" because "the law favors and encourages arbitration." *G.T. Leach Builders, LLC*, 458 S.W.3d at 512 (quoting *Richmont Holdings, Inc. v. Superior Recharge Sys., L.L.C.*, 455 S.W.3d 573, 574–75 (Tex. 2014) (per curiam)); *see also Perry Homes*, 258 S.W.3d at 590 ("Due to the strong presumption against waiver of arbitration, this hurdle is a high one."). The party asserting implied waiver bears a "heavy burden of proof," and the court must resolve all doubts in favor of arbitration. *In re Bruce Terminix Co.*, 988 S.W.2d 702, 705 (Tex. 1998) (orig. proceeding) (per curiam).

"The judicial process is substantially invoked when the party seeking arbitration has taken specific and deliberate actions, after the filing of the suit, that are inconsistent with the right to arbitrate or has actively tried, but failed, to achieve a satisfactory result through litigation

---

[4] Further, the record does not reflect any express waiver by Regional of its contractual right to arbitration. *See G.T. Leach Builders, LLC*, 458 S.W.3d at 511 (express waiver occurs through "clear repudiation of the right" to arbitrate); *Okorafor v. Uncle Sam & Assocs., Inc.*, 295 S.W.3d 27, 39 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (party makes express waiver when it "affirmatively indicates that it wishes to resolve the case in the judicial forum, rather than through arbitration").

before turning to arbitration." *Pilot Travel Ctrs., LLC v. McCray*, 416 S.W.3d 168, 183 (Tex. App.—Dallas 2013, no pet.) (citing *In re Vesta Ins. Grp., Inc.*, 192 S.W.3d 759, 763 (Tex. 2005) (orig. proceeding) (per curiam)). In determining whether a party has substantially invoked the judicial process, courts consider such factors as: (1) when the movant knew of the arbitration clause; (2) how much discovery was conducted; (3) who initiated the discovery; (4) whether the discovery related to the merits rather than arbitrability or standing; (5) how much of the discovery would be useful in arbitration; and (6) whether the movant sought judgment on the merits. *Kennedy Hodges, L.L.P.*, 433 S.W.3d at 545 (citing *Perry Homes*, 258 S.W.3d at 591–92).

However, "[e]ven substantially invoking the judicial process does not waive a party's arbitration rights unless the opposing party proves that it suffered prejudice as a result." *In re Bruce Terminix Co.*, 988 S.W.2d at 704; *see also Perry Homes*, 258 S.W.3d at 593. Prejudice, in this context, refers to inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue. *Perry Homes*, 258 S.W.3d at 597. Such unfairness results when a party attempts "to have it both ways by switching between litigation and arbitration to its own advantage[.]" *Id.*

Mere delay in asserting the right to arbitration is not ordinarily enough to establish prejudice, even if it is substantial. *G.T. Leach Builders, LLC*, 458 S.W.3d at 515; *In re Vesta Ins. Grp., Inc.*, 192 S.W.3d at 763. Prejudice is more easily shown when a party delays his request for arbitration and in the meantime engages in pretrial activity inconsistent with an intent to arbitrate. *Perry Homes*, 258 S.W.3d at 600. In determining whether prejudice exists, we consider the litigation activities that occurred during the period of delay, and how those activities affected the party opposing arbitration. *Id.*; *see also In re Vesta Ins. Grp., Inc.*, 192 S.W.3d at

763 (party does not waive arbitration merely by delay, and instead, party urging waiver must establish that any delay resulted in prejudice).

We first consider whether Sipriano, as the party opposing arbitration, met her burden of establishing prejudice from Regional's delay in seeking arbitration. *See Perry Homes*, 258 S.W.3d at 599 (proof of prejudice is required; proof establishing precise extent of that prejudice is not). Sipriano argues she was prejudiced because she incurred direct out-of-pocket expenses while the case was pending in the trial court, she was required to defend Regional's claim for attorneys' fees, it took longer to resolve the dispute, and Regional's attempt to "have it both ways" was inherently unfair.

Sipriano first argues her attorney's affidavit and billing records established that she incurred approximately $3,000 in expenses and attorneys' fees relating to responding to Regional's discovery requests, seeking a continuance on Regional's motion for summary judgment, and attending the mediation. Relying on *Ideal Roofing, Inc. v. Armbruster*, No. 05-13-00446-CV, 2013 WL 6063724 (Tex. App.—Dallas Nov. 18, 2013, no pet.) (mem. op.), Sipriano argues these fees and expenses are comparable to amounts this Court has concluded demonstrate prejudice and would not have been incurred if Regional had asserted its right to arbitration earlier in the litigation.[5]

In *Ideal Roofing*, we determined, based on the totality of the circumstances, that the appellees established the appellants, who were seeking to compel arbitration, had substantially invoked the litigation process to the appellees' prejudice. *Id.* at *8–9. In concluding the appellees had established prejudice, we relied on a number of facts from the record, including:

---

[5] In his affidavit, Sipriano's attorney stated Sipriano had incurred over $11,000 in attorney's fees at the time of the hearing on Regional's application to compel arbitration. In her brief, Sipriano specifically relies on the $3,000 in fees and expenses she contends were related to the mediation, responding to Regional's discovery, and obtaining a continuance on Regional's motion for summary judgment, but asserts, "In all probability, however, much more litigation expense was incurred than would have been necessary in arbitration[.]" This generalized complaint is insufficient to establish prejudice. *See Branch Law Firm L.L.P. v. Osborn*, No. 14-14-00892-CV, 2016 WL 444867, at *15–16 (Tex. App.—Houston [14th Dist.] Feb. 4, 2016, no pet. h.) (party failed to prove claimed prejudice from delay in seeking arbitration); *IBS Asset Liquidations LLC*, 419 S.W.3d at 575–76.

(1) requiring the appellees, who had filed the lawsuit in Dallas, to participate in an arbitration in Houston, the venue established by the arbitration agreement, would be an economic hardship for the appellees; (2) the appellees' attorney represented them under a contingency fee agreement that required the appellees to pay certain expenses, including the fees of their expert witness; (3) the appellees had paid their expert witness $3,500, which included fees billed by the expert for attending the deposition taken by the appellants; (4) the arbitration agreement did not specify that discovery conducted in the litigation could be utilized in the arbitration without the necessity for the duplication of both the written discovery and the depositions of the appellees' expert and one of the appellees; (5) the appellees had incurred the expenses of two days of mediation, only to have the appellants move to compel arbitration with the attendant expenses arbitration entails; and (6) the appellees argued to the trial court at the hearing on the motion to compel arbitration that they did not intend to take depositions, would rely on the discovery that had been conducted, and were ready to proceed to trial months before the hearing on the motion to compel arbitration. *Id.* at *8–9.[6] *Ideal Roofing* does not stand for the proposition that incurring attorneys' fees and expenses in the litigation is sufficient, standing alone, to establish prejudice for purposes of determining a party has waived contractual arbitration rights. Rather, attorneys' fees and costs incurred in the litigation are only one factor in determining whether a party has been prejudiced by a delay in asserting contractual arbitration rights. *See Perry Homes*, 258 S.W.3d at 597;

---

[6] The record in this case does not demonstrate prejudice similar to that established in *Ideal Roofing*. There was no evidence that participating in arbitration would be an economic hardship for Sipriano. Sipriano filed this litigation in Dallas County, the arbitration agreement provided the arbitration would take place in "the federal district" where Sipriano resides, and the arbitration was conducted in Dallas County. There was no evidence the discovery that was conducted in the litigation could not be used in the arbitration, and Regional's counsel represented to the trial court during the hearing on Sipriano's motion to reconsider that the discovery taken in the litigation had been used in the arbitration. The arbitration agreement required Regional to advance a maximum of $1,500 toward Sipriano's filing, administration, service, or case management fees, as well as the arbitrator or hearing fee, and JAMS, the arbitration organization selected to conduct the arbitration, noted in correspondence to the parties that its Policy on Consumer Arbitrations, Minimum Standards of Procedural Fairness provided "the non-consumer party is responsible for 100% of the cost of the arbitration and will be billed accordingly." Although the arbitrator was permitted to award JAMS fees and expenses against any party, the arbitrator did not provide for any allocation of fees and costs in her final order. Finally, Sipriano never represented she was ready to go to trial on January 15, 2014, and the events occurring in the litigation shortly before the hearing on Regional's application to compel arbitration indicate Sipriano was not ready to go to trial on January 15, 2014.

*Ellman v. JC Gen. Contractors*, 419 S.W.3d 516, 522 (Tex. App.—El Paso 2013, no pet.) (concluding cost is only one dimension of prejudice).

Sipriano next contends she was prejudiced by Regional's delay in asserting its right to arbitrate because she was required to defend a claim for attorneys' fees that should never have been brought, at least in the amount sought by Regional, and to litigate Regional's counterclaim, which became moot after she paid the debt prior to the arbitration. However, Sipriano made the decision to pay the amount owed under the Contract after the arbitration proceeding was initiated, causing Regional's counterclaims to become moot, and we cannot conclude her decision to pay the debt at that time is any evidence of prejudice she incurred from Regional's delay in seeking the arbitration. As to the amount of attorneys' fees sought by Regional, Sipriano does not dispute that Regional had a right under the Contract to seek to recover attorneys' fees on its counterclaims against her; rather, she claims the amount was excessive. However, given Sipriano's persuasive argument that the amount of attorneys' fees sought by Regional was contrary to its own policy, we cannot conclude Sipriano has demonstrated the amount of Regional's *claim* for attorneys' fees is sufficient prejudice to overcome the strong presumption in favor of arbitration. *See, e.g. In re Vesta Ins. Grp. Inc.*, 192 S.W.3d at 763 (party failed to show sufficient prejudice from incurring more than $200,000 in expenses and fees due to "prolonged and extensive discovery" to overcome strong presumption against waiver).

Sipriano next contends she was prejudiced by the delay in the resolution of the entire dispute and from inefficiencies in restarting the case in a new forum. There is nothing in the record that indicates there were any inefficiencies after the arbitration was initiated or that any work done in the litigation had to be repeated in the arbitration. As to the delay in resolving the dispute, Sipriano contends the case would have been tried in January 2014, as opposed to being arbitrated in September 2014, if Regional had not pursued an excessive claim for attorneys' fees

–10–

in the trial court. However, Sipriano was still conducting discovery in November 2013, had requested additional time to designate an expert witness, and added Garcia as a defendant in December 2013, and there is no evidence Sipriano was prepared to go to trial on January 15, 2014. Although the record does not establish its extent, additional discovery was done after the arbitration was initiated, further indicating the case was not ready to be tried when the trial court granted Regional's application to compel arbitration. On this record, Sipriano did not establish she was prejudiced because the arbitration was not conducted until September 2014. *See In re Vesta Ins. Grp., Inc.*, 192 S.W.3d at 763 (where there was no evidence of prejudice from delay in asserting right to arbitration, two-year delay was insufficient to establish waiver of right to arbitrate).

Finally, relying on *Perry Homes*, Sipriano claims she was prejudiced because of the unfairness which arose from Regional's "attempts to manipulate its arbitration rights and have it both ways." In *Perry Homes*, the supreme court determined a party waived arbitration by litigation conduct. *See Perry Homes*, 258 S.W.3d at 596–97. However, the record in *Perry Homes* showed the plaintiffs: objected to arbitration initially, then after fourteen months of litigation changed their minds and moved to compel arbitration; obtained extensive discovery on all aspects of the case under one set of rules, then sought to arbitrate the case under another; delayed disposition by switching to arbitration when trial was imminent; and requested the trial court order discovery, and then limited their opponents' rights to appellate review. *Id.* at 597; *see also Kennedy Hodges, L.L.P.*, 433 S.W.3d at 545. "Such manipulation of litigation for one party's advantage and another's detriment is precisely the kind of inherent unfairness that constitutes prejudice under federal and state law." *Perry Homes*, 258 S.W.3d at 597.

The prejudice shown in *Perry Homes* is not established here. Regional never objected to arbitration. The extent and scope of Regional's written discovery to Sipriano cannot be

–11–

determined from this record,[7] and Regional took no depositions in the case. There is no showing Regional obtained access to information in the litigation that it could not obtain in arbitration or that Regional attempted to obtain discovery under one set of rules and then arbitrate under a different set of rules. Regional sought to compel arbitration slightly more than seven months after suit was filed and more than five months before the trial setting. Finally, in contrast to *Perry Homes*, there is little evidence that Regional engaged in conduct during the period of delay that limited any right of Sipriano's or was an attempt by Regional to manipulate the litigation for its advantage and Sipriano's prejudice. *See Pilot Travel Ctrs., LLC*, 416 S.W.3d at 186 (concluding no waiver where parties failed to carry "burden to establish expense or damage to their legal position"); *Ground Force Constr. LLC v. Coastline Homes LLC*, No. 14-13-00649-CV, 2014 WL 2158160, at *8 (Tex. App.—Houston [14th Dist.] May 22, 2014, no. pet.) (mem. op.).

Based on the totality of the circumstances, we conclude, on this record, that Sipriano failed to clear the "high hurdle" of establishing she was prejudiced by Regional's delay in seeking to compel arbitration. Accordingly, we need not determine whether Regional's conduct substantially invoked the judicial process. *See* TEX. R. APP. P. 47.1; *Tex. Residential Mortg., L.P. v. Portman*, 152 S.W.3d 861, 863–64 (Tex. App.—Dallas 2005, no pet.) (concluding there was no waiver of right to arbitration when party resisting arbitration did not meet burden to show he suffered prejudice).

---

[7] *See Garg*, 2015 WL 9598863, at *13; *IBS Asset Liquidations, LLC*, 419 S.W.3d at 575–76.

We resolve Sipriano's issue against her and affirm the trial court's judgment.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

150397F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BARBARA SIPRIANO, Appellant

No. 05-15-00397-CV          V.

REGIONAL FINANCE CORPORATION
OF TEXAS AND ABEL GARCIA,
Appellees

On Appeal from the County Court at Law
No. 4, Dallas County, Texas,
Trial Court Cause No. CC-13-02841-D.
Opinion delivered by Justice Fillmore,
Justices Stoddart and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees Regional Finance Corporation of Texas and Abel Garcia
recover their costs of this appeal from appellant Barbara Sipriano.

Judgment entered this 16th day of May, 2016.