**REVERSE and REMAND; and Opinion Filed October 1, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00149-CV

### WILLIAM W. CAMP AND WILLIAM W. CAMP, P.C., Appellants
### V.
### EARL POTTS AND DIANA LITTLEJOHN, Appellees

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-10925**

## MEMORANDUM OPINION

Before Justices Myers, Brown, and Whitehill
Opinion by Justice Brown

In this interlocutory appeal, appellants William W. Camp and William W. Camp, P.C.

contend the trial court erred in denying their motion to compel arbitration of appellees Earl Potts's

and Diana Littlejohn's claims against Camp. For the following reasons, we reverse the trial court's

order denying the motion to compel arbitration.

BACKGROUND

Potts and Littlejohn signed engagement letters and hired Camp, an attorney, to recover

settlement funds owed to them. The engagement letters recite that "[l]egal services provided by

the Firm for you will be performed at 1% of collections rate. That is, the Firm will be entitled to

"1% of the amount [of the settlement funds] collected on your behalf." The engagement letters

also contain an arbitration provision, which recites in part:

Any controversy, dispute, or claim arising out of, or in connection with, or in relation to the interpretation, performance, or breach of this letter agreement or the engagement of the Firm and legal services rendered by it or any of its owners or employees, including but not limited to, fee disputes and legal malpractice, shall be finally determined, at the request of either party, by arbitration conducted in Dallas Texas, in accordance with existing rules for commercial arbitration of the American Arbitration Association, and judgment upon any award rendered by the arbitrator may be entered by any state or federal court having jurisdiction thereof.

On August 31, 2016, Potts and Littlejohn sued Camp in cause DC-16-10925 in the 192nd Judicial District Court of Dallas County (192nd suit). They alleged that, following execution of the engagement letters, Camp increased his contingency fee without their consent and refused to disburse the settlement funds.[1]

On November 9, 2016, Potts and Littlejohn filed a motion for substituted service. According to an affidavit attached to the motion, the process server made an unsuccessful service attempt on October 21, 2016. On October 24, 2016, the server contacted Camp's office and was advised Camp was out of town. Camp and the server spoke by phone on November 1, 2016 and agreed to meet the next day. On November 2, 2016, they spoke again and agreed to reschedule the meeting to November 3, 2016 because the server had a scheduling conflict. On November 3, 2016, however, Camp advised that he was out of town. Feeling like he was getting the "run-around," the server told Camp he would substitute serve Camp at Camp's office. The trial court granted the motion for substituted service on November 18, 2016. Meanwhile, on November 2, 2016, William W. Camp. P.C. had filed suit, DC-16-14224 in the 298th Judicial District Court of Dallas County, against Potts and Littlejohn seeking appointment of an arbitrator and to compel arbitration of the parties' fee dispute (298th suit).

---

[1] Potts and Littlejohn asserted claims against Camp for unconscionable attorney fees, breach of contract, breach of fiduciary duty, violation of Texas Theft Liability Act, and exemplary damages.

On December 27, 2016, Camp filed an answer, a Rule 1.06–1.08 request to transfer and consolidate with the 298th suit, and a motion to compel arbitration in the 192nd suit. On January 26, 2017, the trial court sent the parties notice that the case was set on a two-week non-jury trial docket beginning October 23, 2017. In May 2017, Potts and Littlejohn tried to schedule Camp's deposition, but Camp responded that the deposition was premature pending a decision on the motion to compel arbitration.

On October 12, 2017, Camp and William W. Camp, P.C. (hereafter collectively, Camp) filed another application for appointment of arbitrator and to compel arbitration in both the 192nd and 298th suits.[2] Camp set the application for hearing on November 28, 2017 in the 298th suit, but, despite the October 23, 2017 trial setting, did not request a hearing in the 192nd suit.

Potts and Littlejohn announced ready for the two-week trial docket in the 192nd suit. Camp announced not ready with, according to the trial court, a "statement that counsel had a mediation out of state [and] it may have been brought up that there was an arbitration issue." Camp did not request a continuance. Potts traveled approximately 1,250 miles back and forth from his home in Bandera, Texas to Dallas to be available for trial. He stayed with a daughter in Dallas and spent approximately $150 on fuel. Littlejohn traveled to Dallas from her home in Granbury, Texas on October 26, 2017 to prepare for trial. The case was not called to trial during the two-week docket.

On November 22, 2017, Potts and Littlejohn moved to consolidate the 298th suit into the 192nd suit. On November 28, 2017, the 298th trial court held the previously-scheduled hearing on Camp's application for appointment of an arbitrator and to compel arbitration, but deferred ruling until resolution of the motion to consolidate filed in the 192nd suit. Thereafter, the 192nd trial court entered an order granting the motion to consolidate and consolidated the 298th suit into the 192nd

---

[2] Other than Potts and Littlejohn filing an answer, the record reveals little previous activity in the 298th suit.

suit. On December 21, 2017, Camp agreed to respond to Potts's and Littlejohn's requests for disclosure and schedule Camp's deposition.

On January 8, 2018, Camp again filed a motion to compel arbitration. In response, Potts and Littlejohn argued Camp had waived his right to arbitrate by substantially invoking the judicial process to their detriment. Following a hearing, the trial court entered a January 24, 2018 order denying the motion, and Camp appeals.

APPLICABLE LAW

We review a trial court's denial of a motion to compel arbitration for an abuse of discretion. *See In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 780 (Tex. 2006) (orig. proceeding). We defer to the trial court's fact findings if the evidence supports them, but review legal determinations de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). Whether a party has waived its right to arbitrate, including whether that party's conduct caused prejudice, is a question of law that we review de novo. *Perry Homes v. Cull*, 258 S.W.3d 580, 598 (Tex. 2008); *see Holmes, Woods & Diggs v. Gentry*, 333 S.W.3d 650, 654 (Tex. App.—Dallas 2009, no pet.).

To compel arbitration, a party must show a valid agreement to arbitrate exists and the claims asserted are within the agreement's scope. *J.M. Davidson, Inc. v. Webster,* 128 S.W.3d 223, 227 (Tex. 2003). The burden then shifts to the party opposing arbitration to present an affirmative defense to enforcement. *Id*. Waiver is a valid defense to arbitration, and a party seeking to compel arbitration can waive its right to arbitrate "by substantially invoking the judicial process to the other party's detriment or prejudice." *Perry Homes*, 258 S.W.3d at 589–90. Thus, the test for determining waiver is two-pronged: (1) did the party seeking arbitration substantially invoke the judicial process, and (2) did the opposing party prove that it suffered prejudice as a result. *Id*. at 589–90, 595.

–4–

To substantially invoke the judicial process, the party seeking arbitration must take specific and deliberate actions inconsistent with the right to arbitrate after the filing of the suit or actively try, but fail, to achieve a satisfactory result through litigation before turning to arbitration. *In re Vesta Ins. Group, Inc.*, 192 S.W.3d 759, 763 (Tex. 2006) (orig. proceeding). In determining whether the judicial process was substantially invoked, the supreme court has considered factors including: (1) when the movant knew of the arbitration clause, (2) how much discovery has been conducted, (3) who initiated it, (4) whether it was related to the merits rather than arbitrability or standing, (5) how much of it would be useful in arbitration, and (6) whether the movant sought judgment on the merits. *Perry Homes*, 258 S.W.3d at 591–92.

Even if the party seeking arbitration substantially invoked the litigation process, the party opposing arbitration also must show prejudice to establish waiver. *Id.* at 595. Prejudice "refers to the inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." *Id.* at 597 (internal quotations omitted). "[A] party should not be allowed purposefully and unjustifiably to manipulate the exercise of its arbitral rights simply to gain an unfair tactical advantage over the opposing party." *Id.* (internal quotations omitted).

Waiver depends on the facts and the totality of the circumstances of each case. *Perry Homes*, 258 S.W.3d at 591. Although waiver can be implied from a party's conduct, the "conduct must be unequivocal." *Id.* at 593. Moreover, public policy strongly favors arbitration. *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 898 (Tex. 1995) (citing *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)). Once the movant proves that a valid agreement to arbitrate exists, there is a strong presumption favoring arbitration. *J.M. Davidson, Inc.*, 128 S.W.3d at 227. And the burden to prove waiver is a heavy one. *Perry Homes*, 258 S.W.3d at 593.

"[I]n close cases, the 'strong presumption against waiver' should govern." *Id.* (quoting *In re D. Wilson Constr. Co.*, 196 S.W.3d at 783).

ANALYSIS

In his first issue, Camp contends the trial court erred in denying his motion to compel arbitration because Potts and Littlejohn entered into valid agreements to arbitrate and their claims are within the scope of those agreements. Potts and Littlejohn did not raise this issue in their response to Camp's motion to compel arbitration or brief it on appeal, and their counsel confirmed at oral argument that the validity and scope of the arbitration agreements are not at issue in this appeal. Accordingly, we sustain Camp's first issue.

In his second issue, Camp asserts there was no waiver of arbitration because he did not substantially invoke the judicial process to Potts's and Littlejohn's detriment. Potts and Littlejohn disagree and contend Camp's intentional efforts to delay setting his motion to compel arbitration for hearing directly resulted in "inconvenience, expense and heartache." Potts and Littlejohn cite the following to establish the fact of prejudice: (1) Potts stayed in Dallas during the two-week travel docket, traveling back and forth from his home in Bandera, and spent $150 on fuel; (2) Littlejohn drove to Dallas from her home in Granbury to prepare for trial; and (3) they incurred $5,137.50 in reasonable and necessary attorney fees in preparation for trial.

Potts and Littlejohn rely heavily on delay, the first *Perry Homes* prejudice factor. And, Camp did not secure a hearing on his motion to compel until almost a year after he filed the 298th suit and, even then, did not set the hearing until November 2017 in the 298th suit only, despite the October 2017 trial docket in the 192nd suit.

Next, we consider expense, the second factor, and whether any expense caused by Camp's delay in setting a hearing on his motion to compel arbitration caused prejudice to Potts and Littlejohn. In an affidavit, counsel for Potts and Littlejohn averred that they incurred at least

$5,137.50 in trial preparation fees related to "review of file documents (emails, memos from client, corporate formation documents, etc.), preparation of pleadings, preparation of correspondence, written discovery, review of pleadings and responses, extensive legal research, demands, client conferences, conferences with opposing counsel, and detailed review of client documents." Potts and Littlejohn also incurred travel time and expense preparing for, and making themselves available during, the two-week trial docket. The record, however, contains no evidence the trial preparation would not be useful in arbitrating their claims as well. *See In re Vesta Ins. Group, Inc.*, 192 S.W.3d at 763 (attorney affidavit that plaintiff incurred more than $200,000 in discovery-related expenses and fees did not establish prejudice without evidence of the extent and substance of the discovery and that the discovery would not be useful in arbitration); *Practicehwy.com, Inc. v. Albany IVF Fertility & Gynecology, PLLC*, Np. 05-06-00222-CV, 2006 WL 2960838, *3 (Tex. App.—Dallas Oct. 18, 2006, no pet.) (appellee did not establish prejudice when there was no evidence that time and funds expended would not have been expended or inure to appellee's benefit in his arbitration); *Texas Residential Mortgage, L.P. v. Portman*, 152 S.W.3d 861, 864 (Tex. App.—Dallas 2005, no pet.) (plaintiff's trial preparation expense resulting from ten-month delay did not establish prejudice when plaintiff did not identify work done or cost incurred in anticipation of trial that she would not have done or incurred in anticipation of arbitration). Nor is there any evidence that participating in arbitration would result in economic hardship to either Potts or Littlejohn. *See Sipriano v. Regional Fin. Corp. of Tx.*, No. 05-15-00397-CV, 2016 WL 2905553, at *5, n.6 (Tex. App.—Dallas May 16, 2016, no pet.).

Finally, we look to the third factor, whether Potts's and Littlejohn's legal position was damaged by Camp's delay in raising arbitration. Potts and Littlejohn have not argued, and we see no evidence in the record, that the delay caused any harm caused to their legal position. *See, e.g., Pilot Travel Ctrs., LLC v. McCray*, 416 S.W.3d 168, 186 (Tex. App.—Dallas 2013, no pet.).

Although Camp included requests for disclosure with his answer,[3] he did not propound any other discovery or seek any depositions or substantive rulings in either the 192nd or 298th suit. The record does not show Camp obtained any information in this litigation that he could not obtain in arbitration.

Although prejudice "is more easily shown when a party delays his request for arbitration and in the meantime engages in pretrial activity inconsistent with an intent to arbitrate," *Ideal Roofing, Inc. v. Ambruster*, No. 05-13-00446-CV, 2013 WL 6063724, at *8 (Tex. App.—Dallas Nov. 18, 2013, no pet.) (citing *Perry Homes*, 258 S.W.3d at 595), delay alone generally cannot establish waiver. *See In re Vesta Ins. Group, Inc.*, 192 S.W.3d at 763. Analyzing the *Perry Home* prejudice factors, we see nothing in the record suggesting that Camp's delay in setting a hearing on his motion to compel was an attempt to move the litigation forward for his own benefit and to the detriment of Potts and Littlejohn; nor did the delay limit their rights or ability to prosecute their case in arbitration. *See, e.g., Sipriano*, 2016 WL 2905553, at *6.

To be sure, we do not condone the delays in both the 192nd and 298th suits. These cases should have been consolidated (on motion of either party), and Camp should have set a hearing on and obtained resolution of his motion to compel arbitration, much sooner. However, given the totality of the circumstances and the strong presumption against waiver, we conclude Potts and Littlejohn did not establish they were prejudiced by Camp's delay. In the absence of evidence of prejudice, we need not address whether Camp's conduct substantially invoked the judicial process. *See* TEX. R. APP. P. 47.1; *Texas Residential Mortgage, L.P.*, 152 S.W.3d at 863-64. Because the trial court abused its discretion in denying Camp's motion to compel arbitration, we sustain Camp's second issue.

---

[3] The record does not show that Potts and Littlejohn responded to the requests for disclosure.

We reverse the trial court's order denying Camp's motion to compel arbitration and remand to the trial court for entry of an order compelling the parties' dispute to arbitration and granting an appropriate stay.

/Ada Brown/
ADA BROWN
JUSTICE

180149F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILLIAM W. CAMP AND WILLIAM W. CAMP, P.C., Appellants

No. 05-18-00149-CV     V.

EARL POTTS AND DIANA LITTLEJOHN, Appellees

On Appeal from the 192nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-16-10925.
Opinion delivered by Justice Brown; Justices Myers and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellants WILLIAM W. CAMP AND WILLIAM W. CAMP, P.C. recover their costs of this appeal from appellees EARL POTTS AND DIANA LITTLEJOHN.

Judgment entered this 1st day of October, 2018.