**REVERSE AND REMAND and Opinion Filed December 13, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00140-CV

**ARCHER WESTERN CONSTRUCTION, LLC, Appellant**
**V.**
**BEAIRD DRILLING SERVICES, INC., AND SOUTH TEXAS INNOVATIONS,**
**Appellees**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-16390**

## MEMORANDUM OPINION

Before Justices Stoddart, Whitehill, and Boatright
Opinion by Justice Whitehill

This interlocutory appeal arises out of an arbitration clause in a construction contract and concerns whether Archer Western Construction, LLC (Archer) impliedly waived its right to arbitration. Archer argues that the trial court erred by denying its motion to compel arbitration because it did not waive its right to arbitration by substantially invoking the judicial process or causing South Texas Innovations (STI) to suffer prejudice.

We conclude that even if Archer substantially invoked the judicial process, STI did not meet its burden to establish prejudice. Thus there was no implied waiver of Archer's arbitration right, and the trial court abused its discretion in denying Archer's motion to compel arbitration. Accordingly, we reverse the trial court's order and remand for further proceedings consistent with this opinion.

# I. BACKGROUND

Archer was the general contractor for the construction of a luxury high rise project and it hired STI to provide certain construction-related labor, materials and services for that project. The subcontract included the following arbitration provision:

> **Arbitration**. Any controversy or claim of Contractor against Subcontractor or Subcontractor against Contractor or its surety shall, at the option of Contractor or Contractor's surety and at any time, be resolved by arbitration pursuant to rules determined by Contractor. The Contractor and Subcontractor agree to equally split the administrative costs, fees, and other similar expenses charged by the arbitrator or arbitration agency. Subcontractor irrevocably submits to the jurisdiction of the federal, state, or United States territory courts located in the state or United States territory of the Project for the purpose of proceedings with respect to the arbitration. At the Contractor's or its surety's option, the arbitration may be consolidated with any arbitration between the Contractor and Owner or other entity associated with the Project. Subcontractor waives to the fullest extent permitted by law any objection that they may now or may hereafter have to having arbitration proceedings conducted in the state or United States territory in which the Project is located, including any claim that it is an inconvenient forum for such arbitration or court proceedings. The award rendered by the arbitrator(s) shall be conclusive and binding upon the parties and shall be enforceable in any court of competent jurisdiction of any Contracting State pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (330 UNTS 3; 9 U.S.C. 201, et seq.).

Several lawsuits concerning disputed project payments were filed. The first lawsuit was filed by a drilling contractor, Beaird Drilling Services Inc., against Archer, STI, and other parties. (the Beaird suit).

When a payment dispute arose between Archer and STI, STI filed a separate suit against Archer (the Archer suit). Archer answered, counterclaimed and filed a third-party petition in the Archer suit all subject to a motion to compel arbitration previously filed in that case.[1]

By agreement, STI moved to consolidate the Beaird and Archer suits. The trial court consolidated the two suits into what is now this case.

---

[1] The motion is not part of our record, but is referenced in the pleading. Neither party disputes that it was filed.

On January 9, 2018, Beaird's claims were settled in mediation, leaving only the claims between STI and Archer.

Shortly thereafter, Archer filed its "Motion to stay the proceeding and to compel arbitration, and, in the alternative, for continuance." STI opposed Archer's motion, arguing that Archer waived its right to compel arbitration by substantially participating in the judicial process and that it would cause STI "profound prejudice" to compel arbitration.

The trial court denied the motion to compel arbitration, and Archer timely filed this interlocutory appeal.

## II. ANALYSIS

### A. First Issue: Does the arbitration clause prohibit waiver?

Archer initially argued that the arbitration clause's language expressly prohibits waiver of arbitration. But Archer now withdraws that issue, and we do not consider it. *See* TEX. R. APP. P. 47.1. Archer did not otherwise challenge the clause's enforceability.

### B. Second Issue: Did the trial court abuse its discretion by concluding that Archer waived its arbitration rights?

Archer's second issue argues that the trial court abused its discretion by denying its motion to compel arbitration because STI did not meet its burden to establish that Archer waived its arbitration rights. We agree because, assuming Archer substantially invoked the judicial process, STI failed to prove that it was thereby prejudiced.

#### 1. Applicable Law

Public policy strongly favors arbitration. *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 898 (Tex. 1995). To compel arbitration, a party must show a valid agreement to arbitrate exists and the claims asserted are within the agreement's scope. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). Once that occurs, there is a strong presumption favoring

arbitration, and the burden then shifts to the party opposing arbitration to present an affirmative defense to enforcement. *Id.*

Waiver is a valid defense to arbitration. *Perry Homes*, 258 S.W.3d 580, 589–90 (Tex. 2008). Waiver is an intentional relinquishment of a known right, or intentional conduct inconsistent with asserting that right. *Sun Exp. And Prod. Co. v. Benton*, 728 S.W.2d 35, 37 (Tex. 1987).

Furthermore, waiver depends on the facts and the totality of the circumstances of each case. *Perry Homes,* 258 S.W.3d at 591. Although waiver can be implied from a party's conduct, the "conduct must be unequivocal," and the burden to prove waiver is a heavy one. *See Richmont Holdings*, *Inc. v. Superior Recharge Sys., LLC*, 455 S.W.3d 573,575 (Tex. 2014) (per curiam). "[I]n close cases, the strong presumption against waiver should govern." *Perry Homes,* 258 S.W.3d at 591.

Determining implied waiver involves a two-pronged test: (i) did the party seeking arbitration substantially invoke the judicial process, and (ii) did the opposing party prove that it suffered resulting prejudice.[2] *Id.* at 589–90, 593.

Prejudice "refers to the inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." *Id.* at 597 (internal quotations omitted). "[A] party should not be allowed purposefully and unjustifiably to manipulate the exercise of its arbitral rights simply to gain an unfair tactical advantage over the opposing party." *Id.* (internal quotations omitted). Thus, prejudice refers to "an inherent unfairness caused by a party's attempt to have it both ways by

---

[2] Although STI also argues express waiver, we do not consider that argument because STI did not raise it in the trial court. *See* TEX. R. APP. P.38.1.

–4–

switching between litigation and arbitration to its own advantage." *In re Citigroup Global Mkts., Inc.*, 258 S.W.3d 623, 625 (Tex. 2008) (per curiam).

We review a trial court's denial of a motion to compel arbitration for an abuse of discretion. *See In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 780 (Tex. 2006) (orig. proceeding). Under this standard, we do not defer to the trial court on questions of law but do defer to a trial court's fact findings if they are supported by evidence. *Perry Homes*, 258 S.W.3d at 598. But where the facts are undisputed, whether a party waived its right to arbitrate, including whether that party's conduct caused prejudice, is a question of law that we review de novo. *Id.*

### 2. Implied Waiver

Because the validity and scope of the arbitration agreement are not at issue here, we begin with STI's implied waiver defense; specifically, whether STI met its burden to establish that Archer waived its right to arbitrate.

Here, STI maintains that Archer substantially invoked the judicial process by engaging in numerous litigation activities. But even if Archer did so, STI cannot establish waiver unless it also establishes prejudice. *See Perry Homes*, 258 S.W.3d at 593. Thus, we begin with prejudice, and examine the record evidence of (i) delay; (ii) expense, and (iii) damage to STI's legal position. *Id.* at 597.

### (a). Delay

First, we consider delay. Although prejudice "is more easily shown when a party delays his request for arbitration and in the meantime engages in pretrial activity inconsistent with an intent to arbitrate," *Ideal Roofing, Inc. v. Ambruster*, No. 05-13-00446-CV, 2013 WL 6063724, at *8 (Tex. App.—Dallas Nov. 18, 2013, no pet.), delay alone generally cannot establish waiver. *See In re Vesta Ins. Group, Inc.*, 192 S.W.3d at 763.

STI sued Archer on July 7, 2017, and Archer moved to compel arbitration approximately five and a half months later, on January 22, 2018. STI argues that, while the length of delay is not particularly problematic, the timing of the motion to compel arbitration shows Archer's intent to delay the proceedings.

Specifically, trial was set for February 27, 2018. Archer, however, sought to continue the case "for at least six months" to conduct discovery on the consolidated claims. The court denied the continuance motion, and shortly thereafter Archer moved to compel arbitration. In that motion, Archer alternatively requested that the court delay the trial setting for at least four months.

There is no dispute but that Archer knew of the arbitration clause early on. When STI sued Archer in July 2017, Archer moved to compel arbitration when it filed its answer and counterclaim and made those pleadings subject to the arbitration demand. STI argues that Archer did not seek arbitration in the consolidated suit until after the denial of its continuance motion despite Archer's prior awareness of its arbitration right. However, STI's argument ignores the fact that Archer's timing followed the Beaird claims settlement—when all that remained in the suit were arbitrable claims between STI and Archer.

Moreover, the timing is significant only if the delay actually caused prejudice. To this end, STI maintains that it has been prejudiced by the delay because "Archer continues to withhold funds in excess of $5 million owed to STI." There is, however, no evidence to support this assertion.

Notwithstanding Archer's awareness of the arbitration provision, the litigation activity, and the timing of its motion, the record does not establish that Archer's delay was an attempt to move the litigation forward for its own benefit and to STI's detriment. *See, e.g.*, *Sipriano*, 2016 WL 2905553, at *6.

**(b). Expense**

Next, we consider expense. Archer also engaged in discovery (in the Beaird case and in this case) including: (i) propounding four requests for production and one set of interrogatories to STI, and (ii) a deposition on written questions and request for documents to a third party. Archer also filed: (i) a motion to consolidate, (ii) a motion for continuance, (iii) a counterclaim and amended counterclaim, (iv) a third party petition against STI's surety, (v) a motion for summary judgment, and (vi) a temporary restraining order, and participated in mediation and designated experts.

STI's evidence included an affidavit from its president, Gary Haymond, who stated that STI "has incurred $101,703.52 in attorney's fees and expenses" in this litigation. Haymond also says that STI "sustained the majority of the ongoing significant attorney's fees and expenses" after the cases were consolidated. Haymond claims that "STI would suffer significant prejudice in the form of financial harm . . . after having engaged in substantial litigation efforts and agreeing to consolidate the case . . . ."

But there have been multiple suits involving multiple parties and STI does not quantify which portion of the fees and expenses are specifically attributable to Archer's litigation activities. It also does not quantify the "majority" amount of those fees it claims occurred after consolidation.

Moreover, the record contains no evidence that the trial preparation and "litigation efforts" would not also be useful in arbitrating STI's claims. *See In re Vesta Ins. Group, Inc.*, 192 S.W.3d at 763 (attorney affidavit that plaintiff incurred more than $200,000 in discovery-related expenses and fees did not establish prejudice without evidence of the extent and substance of the discovery and that the discovery would not be useful in arbitration); *Practicehwy.com, Inc. v. Albany IVF Fertility & Gynecology, PLLC*, Np. 05-06-00222-CV, 2006 WL 2960838, *3 (Tex. App.—Dallas Oct. 18, 2006, no pet.) (no prejudice where there was no evidence that time and funds expended

would not have been expended or inure to appellee's benefit in his arbitration); *Tex. Residential Mortgage, L.P. v. Portman*, 152 S.W.3d 861, 864 (Tex. App.—Dallas 2005, no pet.) (plaintiff's trial preparation expense resulting from ten-month delay did not establish prejudice). Nor is there any evidence that participating in arbitration would result in economic hardship to STI. *See Sipriano v. Regional Fin. Corp. of T*x., No. 05-15-00397-CV, 2016 WL 2905553, at *5, n.6 (Tex. App.—Dallas May 16, 2016, no pet.).

### (c). Damage to Legal Position

Finally, we examine whether STI's legal position was damaged by Archer's delay in asserting its arbitration right. STI has not argued, and we see no evidence in the record, that the delay or other activity harmed its legal position. *See, e.g., Pilot Travel Ctrs., LLC v. Mc*Cray, 416 S.W.3d 168, 186 (Tex. App.—Dallas 2013, no pet.). While there is no dispute that Archer engaged in discovery and other litigation activities, the record does not show that it obtained any information that could not be obtained in arbitration.

Given the totality of the circumstances and the strong presumption against waiver, we conclude that STI did not establish it was prejudiced by Archer's actions. Absent prejudice, we need not address whether Archer's conduct substantially invoked the judicial process. *See* TEX. R. APP. P. 47.1; *Texas Residential Mortgage, L.P.*, 152 S.W.3d at 863–64. Because the trial court abused its discretion in denying Archer's motion to compel arbitration, we resolve Archer's second issue in its favor.

### III. CONCLUSION

We reverse the trial court's order denying Archer's motion to compel arbitration and remand to the trial court for entry of an order compelling the parties' dispute to arbitration and granting an appropriate stay.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

180140F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ARCHER WESTERN CONSTRUCTION, LLC, Appellant

No. 05-18-00140-CV          V.

BEAIRD DRILLING SERVICES, INC., AND SOUTH TEXAS INNOVATIONS, Appellee

On Appeal from the 193rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-16-16390.
Opinion delivered by Justice Whitehill. Justices Stoddart and Boatright participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for entry of an order compelling the parties' dispute to arbitration and granting an appropriate stay.

It is **ORDERED** that appellant ARCHER WESTERN CONSTRUCTION, LLC recover its costs of this appeal from appellee BEAIRD DRILLING SERVICES, INC., AND SOUTH TEXAS INNOVATIONS.

Judgment entered December 13, 2018.